UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>    v.<br><br>MIGUEL ANGEL SAMANIEGO GALVEZ,<br><br>              Defendant. | CASE NO. 2:24-cr-00161-LK<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Miguel Angel Samaniego Galvez's "Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to Federal Sentencing Guidelines." Dkt. No. 63. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

In January 2025, the Court accepted Mr. Samaniego Galvez's plea of guilty for Possession of Controlled Substances with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). Dkt. No. 48 at 1. The Plea Agreement stated that "the United

ORDER DENYING MOTION TO REDUCE SENTENCE - 1

States believes that [Mr. Samaniego Galvez] may be eligible for a sentencing adjustment pursuant to the Zero-Point Offender provisions at USSG § 4C1.1(a)(1)-(10)." Dkt. No. 46 at 7. Section 4C1.1 calls for a two-level decrease in a defendant's offense level if certain criteria are met. *See* U.S. Sent'g Guidelines, § 4C1.1. As Mr. Samaniego Galvez's form motion notes, Dkt. No. 63 at 1, Section  4C1.1 (Amendment 821) became effective November 1, 2023.

On April 9, 2025, the Court entered judgment and sentenced Mr. Samaniego Galvez to 60 months of imprisonment and four years of supervised release. Dkt. No. 60 at 1–3. On December 1, 2025, Mr. Samaniego Galvez filed this pro se motion contending that he is entitled to a sentence reduction based on Section 4C1.1. Dkt. No. 63 at 1. The Government opposes the motion. Dkt. No. 65.

## II.    DISCUSSION

### A.    Legal Standard

Generally, a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). The statute provides an exception allowing a court to reduce a sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2).

Section 3582(c)(2) thus "allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court must first determine that a

ORDER DENYING MOTION TO REDUCE SENTENCE - 2

reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).").

**B.      Mr. Samaniego Galvez Is Not Entitled to a Sentence Reduction**

Mr. Samaniego Galvez seeks a reduction based on Section 4C1.1, which provides an adjustment for certain zero-point offenders. Dkt. No. 63 at 1. He has used a form motion without adding additional argument.

The Government responds that Mr. Samaniego Galvez is not entitled to a sentence reduction because "1) he was sentenced *after* Amendment 821's provisions went into effect; and 2) he was already awarded the two-level reduction for being a Zero-Point Offender." Dkt. No. 65 at 1. Accordingly, "his sentencing range has not been reduced by any retroactive amendment, and he is ineligible for a reduction." *Id.*

The Government is correct. At sentencing, the Court applied the two-level reduction for Mr. Samaniego Galvez's Zero-Point Offender status and sentenced him in accordance with the Section 3553(a) factors. Because Section 4C1.1 has already been applied and would not have the effect of further lowering Mr. Samaniego Galvez's guideline range, he is not eligible for a reduction in sentence based on that provision. *See Dillon*, 560 U.S. at 827; U.S. Sent'g Guidelines, § 1B1.10(a)(2).

In the section of the form asking the movant to "[l]ist any good conduct that occurred after your original sentencing hearing or any other mitigating circumstances that you would like the Court to be aware of in deciding whether you should receive a sentence reduction," Mr. Samaniego Galvez states that he completed the "Faith-Based Conflict Management program" and the "House of Healing program," and is "currently working in food service." Dkt. No. 63 at 4. The Court commends Mr. Samaniego Galvez for this conduct. However, these circumstances do not justify a sentence reduction: Mr. Samaniego Galvez is not eligible for any further reduction to his sentence

ORDER DENYING MOTION TO REDUCE SENTENCE - 3

(absent substantial assistance to authorities) because his 60-month sentence is the statutory minimum sentence for his crime and fell well below his Guidelines range of 135 to 168 months. *See* 21 U.S.C. §841(b)(1)(B) (setting the statutory minimum); U.S. Sent'g Guidelines, § 1B1.10(b)(2)(A) (Except for instances involving substantial assistance, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the . . . guideline range[.]"); U.S. Sent'g Guidelines, § 5K1.1, Application Note 1 ("Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence.").

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Samaniego Galvez's Motion for Reduction of Sentence. Dkt. No. 63.

Dated this 27th day of January, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO REDUCE SENTENCE - 4